NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

JALEN LEE EDDINS, *Appellant*.

No. 1 CA-CR 18-0502
FILED 4-2-2019

Appeal from the Superior Court in Maricopa County
No. CR2016-149246-001 DT
The Honorable Joan M. Sinclair, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Law Offices of Michael J. Dew, Phoenix
By Michael J. Dew
*Counsel for Appellant*

**MEMORANDUM DECISION**

Presiding Judge Lawrence F. Winthrop delivered the decision of the Court, in which Judge Maria Elena Cruz and Judge Kenton D. Jones joined.

**W I N T H R O P**, Judge:

**¶1**        Jalen Lee Eddins ("Appellant") appeals his convictions and probation for two counts of robbery and two counts of burglary in the third degree. Appellant's counsel has filed a brief in accordance with *Smith v. Robbins*, 528 U.S. 259 (2000), *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), stating he has searched the record on appeal and found no arguable question of law that is not frivolous. Appellant's counsel therefore requests that we review the record for fundamental error. *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999) (stating that this court reviews the entire record for reversible error). This court allowed Appellant to file a supplemental brief *in propria persona*, but he has not done so.

**¶2**        We have appellate jurisdiction pursuant to the Arizona Constitution, Article 6, Section 9, and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and 13-4033(A). Finding no reversible error, we affirm.

**FACTS AND PROCEDURAL HISTORY**[1]

**¶3**        In October 2016, a grand jury issued an indictment, charging Appellant with two counts of armed robbery (Counts I and II), each a class two felony, in violation of A.R.S. §§ 13-1902 and 13-1904, and three counts of burglary in the third degree (Counts III, IV, and V), each a class four felony, in violation of A.R.S. § 13-1506(A)(1). Count V was later dismissed without prejudice upon the Sate's motion.

**¶4**        Before trial, the trial court twice granted defense motions for a Rule 11 examination of Appellant. *See* Ariz. R. Crim. P. 11. The first time, two mental health experts independently examined Appellant, found him

---

[1]        We view the facts in the light most favorable to sustaining the verdict and resolve all reasonable inferences against Appellant. *See State v. Kiper*, 181 Ariz. 62, 64 (App. 1994).

generally uncooperative and likely to be malingering, and opined that he was fully competent to stand trial. The court then found Appellant competent to stand trial pursuant to A.R.S. § 13-4510(B). The second time, the experts' opinions were split, and the court appointed a third evaluator, who opined that Appellant was likely not competent to stand trial. The court found Appellant not competent but restorable, and ordered that he undergo restoration treatment, after which the court found he was competent to stand trial.

¶5        At trial, the State presented the following evidence: On October 17, 2016, the manager of a pharmacy store observed Appellant behind the register area—a protected, no-entry area of the store in which customers are not allowed[2]—with the cashier, who appeared "very scared." The manager advised Appellant to leave the register area or the manager would call the police, but Appellant ignored the manager's warning and tugged on the cash register drawer, which he could not open. Appellant eventually took some tobacco and an energy drink from the protected area behind the register, and then exited the store. After Appellant left, the police were called.

¶6        Meanwhile, Appellant walked to a nearby cellphone store. He went behind the counter in the employees-only area, and the store manager heard him curse at the cashier and tell her, "Bitch, give me the money." Appellant then began opening drawers looking for cash.

¶7        The manager stepped between Appellant and the cashier, and Appellant then approached the manager and stated he was the owner of the store and had come in to get money owed to him. The manager told Appellant to leave the store, but Appellant moved closer and said, "If you touch me, I will shoot you." As he said this, Appellant reached for the back of his pants, simulating he had a gun.

¶8        The manager then told Appellant to take whatever he was going to take and leave. Appellant took $300 in cash, some wireless headphones, and speakers from behind the counter, and then left. During this time, the cashier was hiding behind the manager, shaking, and looked as if she was going to cry. Both the cashier and manager were nervous and

---

2        *See generally* A.R.S. § 13-1501(2) (delineating between shoplifting and burglary of a retail establishment by specifying that when a person enters "any unauthorized areas of the premises" during otherwise normal business hours, he is "[e]nter[ing] or remain[ing] unlawfully" for purposes of the burglary statute).

scared that Appellant might shoot them. After Appellant left the store, the manager called the police.

¶9            Police officers located Appellant at the bus stop next to the businesses he had robbed and found the property he had taken in his possession. The officers took Appellant into custody and found the $300 he had taken from the cellphone store in his pockets. They did not find a gun on his person or nearby.

¶10            Because no weapon had been found, the State moved to amend the indictment as to Counts I and II from A.R.S. § 13-1904(A)(1) to (A)(2) to conform to the evidence, but the court denied the motion. After a lengthy discussion and agreement between the court and both counsel, the court instructed the jury that, as to Counts I and II, the armed robbery charges were no longer before the jury and had been replaced by the lesser-included charge of robbery for each count. The court also instructed the jury as to burglary in the third degree for Counts III and IV.

¶11            Appellant chose to be absent for most of the trial and did not testify. The jury found Appellant guilty of robbery as to Counts I and II and burglary in the third degree as to Counts III and IV. Although the State had alleged several aggravating circumstances, no aggravation phase was conducted. The court suspended sentencing and placed Appellant on concurrent four-year terms of supervised probation for each count. Appellant timely appealed.

## ANALYSIS

¶12            We have reviewed the entire record for reversible error and find none. *See Leon*, 104 Ariz. at 300; *Clark*, 196 Ariz. at 537, ¶ 30. The evidence presented at trial was substantial and supports the verdicts. Appellant was represented by counsel at all stages of the proceedings and was given the opportunity to speak at sentencing. The proceedings were conducted in compliance with his constitutional and statutory rights and the Arizona Rules of Criminal Procedure.

¶13            After filing of this decision, defense counsel's obligations pertaining to Appellant's representation in this appeal have ended. Counsel need do no more than inform Appellant of the status of the appeal and of his future options, unless counsel's review reveals an issue appropriate for petition for review to the Arizona Supreme Court. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Appellant has thirty days from the date of this decision to proceed, if he desires, with a *pro per* motion for reconsideration or petition for review.

## CONCLUSION

¶14      Appellant's convictions and probation are affirmed.



AMY M. WOOD • Clerk of the Court
FILED: AA